UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    Julie Joy Emery, f/k/a Julie
Bauserman, f/k/a Julie Mielke,

        Debtor.
_____/

JULIE JOY GLAZEBROOK, f/k/a
JULIE JOY EMERY,

        Appellant,

v

CHRISTOPHER ALLEN EMERY,

        Appellee.
_____/

Case No. 1:09-cv-648

HON. JANET T. NEFF

## **OPINION**

Appellant-Debtor Julie Glazebrook ("Debtor") appeals from a decision of the Bankruptcy Court, denying her motion to reopen her bankruptcy case, and holding that she incurred a post-petition, and therefore nondischargeable, obligation to her former husband, defendant Christopher Emery (herein "Emery"), as a result of the parties' divorce judgment, to pay 46 percent of a joint student loan to creditor ConSern. Having reviewed the record and carefully considered the parties' appellate briefs, this Court affirms the decision of the Bankruptcy Court. The Court concludes that the Debtor's obligation to pay 46 percent of the ConSern debt arose at the time of the Consent

Judgment, and therefore was a post-petition debt that was not discharged. Accordingly, the Bankruptcy Court did not abuse its discretion in denying the Debtor's request to reopen her bankruptcy case nearly nine years after the Consent Judgment was entered.

I. Facts

The underlying facts are not at issue. During their marriage, the parties consolidated their individual student loans into a single loan referred to as the "ConSern loan," approximately 46 percent of which was the Debtor's student loan and 54 percent of which was Emery's student loan. On October 28, 1999, Emery filed a complaint for divorce in the Kalamazoo Circuit Court. On February 29, 2000, the Debtor filed a petition for bankruptcy protection in the Bankruptcy Court under Chapter 7. A Consent Judgment was entered in the divorce action on July 10, 2000. That same day, a Discharge of Debtor was entered in the Bankruptcy Court case.

The divorce Consent Judgment required the Debtor to pay 46 percent of the ConSern loan debt. Although the Debtor now disputes that the ConSern provision in the Consent Judgment was agreed to by the parties, the Debtor nonetheless continued to make payments on the debt until March 2007, when she allegedly became financially unable to do so.

On January 7, 2007, Emery filed a Motion for Order to Show Cause in the divorce case, seeking payment on the ConSern debt, and an Amended Order to Show Cause was entered on January 30, 2009. In response to Emery's collection action, on April 8, 2009, the Debtor filed a Motion for Order to Show Cause in the bankruptcy case, and an Order to Show Cause was entered against Emery on April 16, 2009. The Debtor sought to reopen her bankruptcy case to obtain an order absolving her of any obligation for the ConSern loan, and to recover from Emery payments

she made for several years after the divorce Consent Judgment.[1]  Following a hearing, the Bankruptcy Court, the Honorable Scott W. Dales, entered an opinion and order in favor of Emery, and denying the relief sought by the Debtor (Op. at 1).  *In re Julie Joy Emery,* Ch. 7 Case No. DK 00-01605 (Bankr. W.D. Mich. May 26, 2009).[2]

## II.  Legal Standard

On appeal to this Court from a bankruptcy court's final order or judgment, the bankruptcy court's conclusions of law are reviewed de novo.  *Pierce v. Underwood,* 487 U.S. 552, 558 (1988); *In re Rowell*, 359 F. Supp. 2d 645, 647 (W.D. Mich. 2004).  Issues of statutory interpretation are questions of law, and are thus subject to review de novo.  *ITT Indus. v. BorgWarner, Inc.,* 506 F.3d 452, 457 (6th Cir. 2007).

The decision whether to reopen a bankruptcy case under 11 U.S.C. § 350(b) is committed to the sound discretion of the bankruptcy court.  *Urbanco, Inc. v. Urban Sys. Streetscape, Inc.,* 111 B.R. 134, 135 (W.D. Mich. 1990).  "'Such a motion should be granted only where a compelling reason for reopening the case is demonstrated.'"  *Id.* (quoting *In re Borer,* 73 B.R. 29, 31 (Bankr. N.D. Ohio 1987)).

The district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.  FED. R. BANKR. P. 8013.

---

[1]The Debtor also filed a motion for relief from the divorce Judgment in state court.  She asserts that Emery added the ConSern provision, which was not part of the parties' oral agreement, and that she did not realize the provision had been added when she signed the Consent Judgment.  The state court denied the motion on the grounds that the Debtor was bound by the written agreement.  (Appellant's Br. ix.)

[2]An Order denying the Debtor's requested relief was entered May 27, 2009.

III. Analysis

As noted by the Bankruptcy Court, the parties treated the claim at issue as if it were a debt the Debtor owed to Emery, rather than to ConSern, presumably because Emery sought an order from the state court to compel the Debtor to honor the Consent Judgment after she stopped making the payments for her 46 percent of the debt (Op. at 2 n.1). The Bankruptcy Court concluded that the ConSern debt should be treated as a post-petition obligation, and the debt therefore survived the Debtor's bankruptcy discharge. *See* 11 U.S.C. § 727(b) (discharging only those debts that arose before the order for relief, or that are treated as if they arose before the order for relief) (Op. at 2). The Court also concluded that the Debtor was not entitled to have her bankruptcy case reopened.

The Debtor argues on appeal that the Bankruptcy Court applied the wrong legal test to determine whether the ConSern debt arose pre-petition or post-petition. She asserts that there are three different tests used for such determinations: (1) the "right to payment test" (also called the "state law accrual test"), which is the most restrictive test; (2) the "debtor-conduct test" or "debtor acts test," and (3) the "fair-contemplation test" (also called the "pre-petition relationship test"), which has been adopted by the majority of the jurisdictions (Appellant's Br. 2-3). The Debtor elaborates on the analysis under each test. She indicates that although there is a split among the courts that have applied the tests, neither the Sixth Circuit Court of Appeals nor the Western District of Michigan has weighed in on the issue of which test is appropriate (*id.* at 4).

The Debtor urges this Court to adopt the "fair contemplation test," under which she contends the ConSern debt should be found to be a pre-petition debt. That is because the ConSern debt would have been within the "fair contemplation" of Emery, since he had already filed the divorce action at the time the Debtor filed her bankruptcy petition, and the parties were in the process of

4

negotiating a division of the marital debt. Thus, because the right to demand payment from the Debtor on the student loan or any other loan was clearly within the contemplation of Emery at the time the Debtor's bankruptcy petition was filed, it should be deemed a pre-petition debt. (Appellant's Br. 5.)

The Court is unpersuaded by these arguments. As Emery points out in his Response brief, these arguments fail to acknowledge the unique circumstances of divorce proceedings and debt obligations that arise as a result of a divorce judgment. It is not uncommon for a divorce judgment to allocate the marital debt such that each spouse becomes liable for specific debt that previously was jointly owed to a creditor. Under these circumstances, the debt arises at the time the party becomes newly obligated for the debt pursuant to the divorce—in this case, at the time of the Consent Judgment. As the Bankruptcy Court succinctly reasoned: Emery's right to payment came into existence on July 10, 2000, when the Consent Judgment of divorce was entered by the Kalamazoo Circuit Court; consequently, the claim arose after the bankruptcy order for relief, which was entered on February 29, 2000, the date on which the Debtor filed her Chapter 7 petition (Op. at 5; Appellee's Br. 4).

Despite the Debtor's detailed arguments concerning the rationale for adopting or rejecting the three tests set forth above, and the ample authority cited, the Court finds a resolution of the comparative merits of the tests unnecessary. The Court instead relies on the analysis of *Gibson v. Gibson (In re Gibson)*, 219 B.R. 195 (B.A.P. 6th Cir. 1998). Although *Gibson* addressed the dischargeability of a divorce debt pursuant to 11 U.S.C. § 523(a)(15), the court specifically considered whether the debt at issue was "incurred by the debtor in the course of a divorce or … divorce decree" pursuant to § 523(a)(15). *Gibson,* 219 B.R. at 201, 204-05. The *Gibson* Court

5

reasoned that the marriage Dissolution Decree created a new debt obligation, fully enforceable as a Judgment of the domestic relations court, and the debt was therefore *incurred* at that time. *Id.* at 204-05; *see also Lewis v. Lewis (In re Lewis),* 423 B.R. 742, 751-52 (Bankr. W.D. Mich. 2010) (finding *Gibson* to be a well-reasoned and persuasive opinion). Here, as in *Gibson*, the Consent Judgment created a new, post-petition, legally enforceable obligation to Emery, on the part of the Debtor, to pay 46 percent of the ConSern debt. This *post-petition* debt to Emery thus was not discharged.

Having found no error in the Bankruptcy Court's conclusion that the Debtor's obligation for payment of 46 percent of the ConSern loan was not discharged, the Court finds no abuse of discretion in the Bankruptcy Court's denial of the Debtor's request to reopen her bankruptcy case. As the Bankruptcy Court noted, the Debtor was represented by counsel in her divorce proceedings, she knew or should have known of the 46 percent payment obligation for nine years, and she made payments on the debt for almost seven years before seeking to set it aside (Op. at 5). Under these circumstances, the equitable doctrine of laches is properly applied to bar her requested relief. *See Urbanco, Inc.,* 111 B.R. at 135. Contrary to the Debtor's argument, the Court does not presume a lack of prejudice based merely on her seven years of payments on the ConSern debt. At a minimum, the Debtor's assumption of responsibility for the ConSern debt over such a lengthy period of time implicitly denied Emery the opportunity of negotiating and/or paying this debt on his own terms during this time.

The Bankruptcy Court's reasoning and decision are sound. Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

6

An Order consistent with this Opinion will be entered.


Date: May 6, 2010                                    /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge